STEVENS (HACKER v.). See Cases Nos. 5,-887 and 5,888.

STEVENS (HOVEY v.). See Cases Nos. 6,-745 and 6,746.

---

## Case No. 13,401.

### STEVENS v. KANSAS PAC. RY. CO.

[5 Dill. 486.][1]

Circuit Court, D. Kansas. 1879.

PATENTS—EQUITY JURISDICTION—STATUTE OF LIMITATIONS.

1. Whether state statutes of limitation are applicable to suits by a patentee of an invention against an infringer to compel the latter to account for profits, quære?

2. Such suits, when otherwise maintainable, are of equitable cognizance, although no injunction has issued, and although brought after the expiration of the original or extended term of the patent.

Bill in equity by patentee against an alleged infringer to ascertain the amount of profits arising from the use of the patented invention, and to compel payment thereof. The bill was filed after the expiration of the original and extended term of the patent—it was brought, indeed, within three days of the lapse of six years after the expiration of the extended term. Demurrer to the bill on the ground that the matter was exclusively of legal and not of equitable cognizance, and that the suit was barred by the three and five years statute of limitations of the state of Kansas.

Mr. Usher, for demurrer.
Mr. Walker, contra.

MILLER, Circuit Justice (orally). This is a bill by a patentee against an infringer brought after the expiration of the original patent, and also after the expiration of the extended term, but within six years after the expiration of the extension; when suit was brought, six years from the expiration of the extended term had not expired by three days. Whether the state statute applies to such suits as this I am in doubt; and, as I think it better to plead the statute than to rely upon it by way of demurrer, I shall overrule the demurrer, so far as it rests on this ground, and allow the same defence to be set up by plea or answer.

In regard to the other question: I have no doubt that a bill in equity, when otherwise maintainable, will lie in behalf of a patentee, although the patent has expired and the case is such that no injunction has issued or can issue. The infringer is converted into a trus-

---

[1] [See Woodworth v. Rogers, Case No. 18,-018.]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

tee for the patentee as to profits made by the former from the use of the patented invention; and this is a sufficient ground of equity jurisdiction of a bill to ascertain the amount of such profits and to compel the infringer to account for the same. No other question is presented or decided.

The demurrer is overruled, and leave is given to plead or answer. Ordered accordingly.